# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0807, <u>Marilyn A. Cantiloro, as Executrix of the Estate of Madeleine Pope Hall v. Robert G. Pope</u>, the court on January 12, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Marilyn A. Cantiloro, Executrix of the Estate of Madeleine Pope Hall, appeals an order of the Circuit Court (<u>Weaver</u>, J.) denying her petition to quiet title to property transferred by Gladys Pope (Gladys) to the Ossipee-Pope Realty Trust (trust).  The petitioner argues that the trial court erred in finding that:  (1) the trust was validly formed; and (2) Madeleine Pope Hall (Madeleine) assigned her beneficial interest in the trust to her brother, Gordon Pope (Gordon).  The respondent, Robert G. Pope (Robert), cross-appeals, asserting alternative grounds for affirming the trial court's order.

The petitioner first argues that the trial court erred in finding that the trust was validly formed because, she asserts, there is no evidence that a schedule of beneficiaries was ever prepared.  Our standard of review is determined by statute:  "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made."  RSA 567-A:4 (2007); <u>see</u> <u>also</u> RSA 490-F:3 (Supp. 2015) (granting circuit court jurisdiction of the former probate court).  Accordingly, we will not disturb the trial court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law.  <u>In re Estate of Couture</u>, 166 N.H. 101, 105 (2014).

The record shows that the trust was prepared in 1972 by Paul Beatty, a partner in the law firm of Sullivan & Worcester, and executed by Madeleine and Gordon on June 14, 1972.  On the same date, Gladys conveyed the property at issue to Gordon and Madeleine as trustees of the trust.  On June 27, 1972, the deed and trust were recorded in the Carroll County Registry of Deeds.

In the first paragraph of the trust, Madeleine and Gordon state that they will hold the trust property "for the sole benefit of the Beneficiaries named in a Schedule this day executed by us as Trustees hereunder and by said Beneficiaries, in the proportions therein set forth."  The paragraph further provides:  "Said Schedule is on file at the office of the Trust which is at present located at 225 Franklin Street, Boston, Massachusetts 02110, c/o Paul F.

Beatty, Esq." Beatty testified at his deposition that his law firm subsequently relocated, and that his files pertaining to this matter have been lost or destroyed. At trial, neither party was able to produce a copy of the schedule of beneficiaries. Beatty testified that although he did not have a specific recollection of having prepared a schedule of beneficiaries, he believes, based upon the language in the trust, that he prepared such a schedule.

Madeleine, who was not competent to testify at trial, died in 2015, while this appeal was pending. Gordon died in 1992. Madeleine and Gordon were Gladys' only children. In 1975, three years after they signed the trust, they entered into an agreement, signed by them and witnessed by Gladys, in which they stated that they were each 50 percent beneficiaries of the trust. In the agreement, Madeleine agreed to sell her beneficial interest in the trust to Gordon at a date to be determined.

In its order, the trial court noted that the trust was designed to be recorded without the schedule of beneficiaries, which would explain why the parties did not have in their records a copy of the schedule attached to their copy of the trust. After reviewing all the evidence, the trial court found that the respondent proved, by clear and convincing evidence, that a schedule of beneficiaries had been prepared, and that Madeleine and Gordon each held 50 percent of the beneficial interest in the trust. Considering each of the petitioner's challenges to the evidence, we conclude that the trial court's findings were not so plainly erroneous that they could not have been reasonably made. See RSA 567-A:4; Estate of Couture, 166 N.H. at 105. Accordingly, we find no error in the court's determination that that the trust was validly formed, and that Gladys properly conveyed title to the trust.

The petitioner next argues that the trial court erred in finding that Madeleine assigned her beneficial interest in the trust to Gordon. The record included a copy of an assignment of interest of beneficiary dated June 19, 1981, bearing Madeleine's notarized signature, in which she assigned her beneficial interest in the trust to Gordon. The petitioner argues that there was no proof that Madeleine delivered the assignment to Gordon with the intent to transfer her beneficial interest in the property to him, and no evidence to explain how Gordon obtained a copy of the assignment or the circumstances in which the assignment was prepared. She also argues that there was no evidence that Gordon gave Madeleine any consideration for the assignment or that the parties sought to amend the schedule of beneficiaries. Robert obtained the copy of the assignment from Gordon's records.

The respondent counters that Gordon's possession of a copy of the assignment was sufficient evidence of delivery, that any failure to amend the schedule of beneficiaries would not have invalidated the assignment, and that in the assignment, Madeleine states that she assigned her interest in the trust to Gordon "for value received." In 1992, Madeleine resigned as a trustee.

2

To the extent that the petitioner argues that the court erred on evidentiary grounds in admitting a copy of the assignment without evidence as to the location or destruction of the original, we review the court's decision for an unsustainable exercise of discretion. Barking Dog v. Citizens Ins. Co. of America, 164 N.H. 80, 86 (2012). Rule of Evidence 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." See N.H. R. Ev. 1003. At trial, the petitioner conceded: "I don't think there's any doubt as to the authenticity that it is a duplicate original of the . . . assignment." The record shows that the trial court considered the petitioner's challenges to the validity and effectiveness of the assignment but concluded that they related to the weight of the evidence rather than its admissibility. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in admitting the duplicate assignment. See Barking Dog, 164 N.H. at 86.

Considering each of the petitioner's challenges to the evidence, we conclude that the trial court's finding that Madeline assigned her beneficial interest in the trust to Gordon was not so plainly erroneous that it could not have been reasonably made. See RSA 567-A:4; Estate of Couture, 166 N.H. at 105.

In light of our decision, we need not address the arguments in the respondent's cross-appeal.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3